UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARTFORD ACCIDENT AND : | |
| INDEMNITY COMPANY : | |
| : | |
| V. : | CIV. NO. 3:06CV1813(WWE) |
| : | |
| ARGONAUT INSURANCE COMPANY : | |

RULING ON ARGONAUT'S MOTION FOR RECONSIDERATION [Doc. #85]

On April 25, 2008, this Court, after thorough examination of the record and oral argument, granted the motion to compel filed by Hartford Accident and Indemnity Company and denied the motion to compel filed by Argonaut Insurance Company. [Doc. #84]. Argonaut has filed this Motion to Reconsider [Doc. #85] the Court's denial of its motion to compel. Argonaut's Motion to reconsider is **GRANTED** and upon review of the motion and the record, the Court **affirms** its decision.

Standard

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Motions to reconsider are, accordingly, denied unless the movant can establish: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; [or] (3) the need to correct clear error or prevent manifest injustice." Metropolitan Entertainment Co. v. Koplik, 25 F.Supp. 2d 367, 368 (D.Conn. 1998).

Discussion

Argonaut is not entitled to the discovery sought as the requested information is not a proper subject of inquiry regardless of whether the inquiry would reveal an inconsistency between the 2001 and 2004 settlements. See Travelers v. Gerling, 419 F.3d 181, 188 (2d Cir. 2005).[1] In its motion, Argonaut states that, if given these documents, it would be in a position to argue that the "reinsurance claims were not submitted in good faith and that key facts were purposefully hidden from Argonaut's scrutiny despite its efforts to exercise its contractual right of access." At most, these speculated "key facts" would show a lack of mutuality of interest between the parties, which is not enough to evince bad faith in the underlying settlement. North River v. ACE, 361 F.3d 134 (2d Cir. 2004)(The existence of a mutuality of interest is only one factor underlying the follow-the-settlements doctrine.) Further, any information about which Hartford policies were reinsured and the extent of that reinsurance is irrelevant. Travelers v. Gerling, 419 F.3d 181, 192 (The fact

---

[1]Argonaut seeks:
Hartford's 3 primary and 8 excess insurance polices issued to Foster Wheeler for the years 1972-74 and 1977-82; First State's 17 excess Foster Wheeler polices for the years 1970 and 1976-1982; each underlying Liberty Mutual policy to which one of the above excess policies follows form and documents setting forth the reserves maintained for each of the Hartford and First State policies and how each reserve was calculated;
A document such as a computer spreadsheet, that set forth all reinsurance available to Hartford and First State for each of their direct insurance policies issued to Foster Wheeler; and
All documents relating to Hartford's decision to allocate the settlement payment in any specific manner to the various policies implicated by the underlying asbestos claims.

2

that the employee in charge of allocating the settlement was aware of which polices were reinsured did not evidence a bad-faith intent to maximize reinsurance recovery.) "While some concern exists as to a cedent's incentive to allocate settlements with a view to reinsurance recovery, 'there is no law that says that insurer and reinsurer interests have to be perfectly aligned to trigger a follow-the-settlement clause.'" Travelers v. Gerling, 419 F.3d at 193 citing Am. Employers' Ins. Co. V. Swiss Reinsurance Am. Corp., 413 F.3d 129, 136 (1st. Cir. 2005). If all of the policies involved in the underlying insurance dispute were turned over to the reinsurers, the entire follow-the-fortunes doctrine would be undermined. See British Int'l Ins. Co. V. Seguros La Republica, S.A., 342 F.3d 78, 85 (2d Cir. 2003) (follow-the-fortunes doctrine "binds a reinsurer to accept the cedent's good faith decisions on all things concerning the underlying insurance terms and claims against the underlying insured: coverage, tactics, lawsuits, compromise, resistance, or capitulation."); See Bellefonte Reins. Co. V. Aetna Cas. & Sur. Co., 903 F.2d 910, 912 (2d Cir. 1990)(the follow-the-fortunes doctrine "burdens the reinsurer with those risks which the direct insurer bears under the direct insurer's policy covering the original insured.") The protections afforded insurers would be illusory, settlements would be discouraged and the door would be wide open for reinsurers to relitigate and seek judicial review of every settlement.

3

Argonaut also claims in its motion that the Court failed to recognize its narrowed discovery request and improperly found an excessive burden on Hartford.  Hartford maintains that even the narrowed requests impose an undue burden because they necessitate a search of all applicable files to be certain of finding the information demanded.  However, the Court regards the burden on Hartford as irrelevant since the documents requested are not a proper subject of inquiry.

Conclusion

For the foregoing reasons, defendant's Motion for reconsideration is [Doc. #85] is **GRANTED** and Court's decision is **affirmed.**

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 23rd day of June 2008.

```
     /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```